IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERRANCE GREEN,** | : |
|     Plaintiff, | : |
| | : |
| v. | :    **CIVIL ACTION NO. 23-CV-2702** |
| | : |
| **LARRY KRASNER,** *et al.*, | : |
|     Defendants. | : |

<u>**MEMORANDUM**</u>

**MCHUGH, J.**                                                                                   **SEPTEMBER 14, 2023**

Terrance Green, a pretrial detainee currently housed at FDC Philadelphia ("FDCP"), filed this civil rights action pursuant to 42 U.S.C. § 1983 in which he seeks as relief that the related pending federal criminal charges in *United States v. Greene*, Crim. A. No. 22-387-1 (E.D. Pa.) be dismissed, and a declaration that the doctrine of "dual sovereignty" is void. (Compl. (ECF No. 1) at 8.)[1] Named as Defendants are Philadelphia District Attorney Larry Krasner, United States Attorney Jacqueline C. Romero, Philadelphia Municipal Court Judge Bradley K. Moss,[2] Pennsylvania Governor Josh Shapiro, the United States Supreme Court, and the Pennsylvania General Assembly.[3] (*Id.* at 2-4.) Green also seeks leave to proceed *in forma pauperis*. For the

---

[1] The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

[2] Although identified in the Complaint as "Judge Moss Bradley," it is clear from the context that Green intended to name "Judge Bradley K. Moss" as a Defendant. *See* The Unified Judicial System of Pennsylvania, *Philadelphia Municipal Court Judges*, https://www.pacourts.us/courts/minor-courts/philadelphia-municipal-court-judges (last visited Sept. 13, 2023).

[3] Defendants Krasner, Romero, Moss, and Shapiro are named in their official capacities only. (Compl. at 2-4.)

following reasons, the Court will grant Green leave to proceed *in forma pauperis* and dismiss this case.

I.     **FACTUAL ALLEGATIONS**[4]

Mr. Green's allegations are disjointed and somewhat difficult to decipher. Green asserts that, although he was initially incarcerated at the Riverside Correctional Facility in Philadelphia County, his criminal case was transferred to "the federal government," due to concurrent jurisdiction. (Compl. at 5.) Green avers that the Philadelphia District Attorney's Office was "force[d]" by the Pennsylvania General Assembly and "previous Attorney General Josh Shapiro's office" to "give up" certain criminal cases to the federal government, including his own, in order to elicit harsher penalties and "manipulate the process to trap people and get people to take deals." (*Id.* at 5-6, 8.)

Mr. Green contends that the Defendants have used "successive prosecution [and] sham prosecution" in an attempt to convict him of federal charges. (*Id.* at 6-7.) Green further avers that the Defendants' actions have resulted in an "abuse of process" and "abuse of power." (*Id.* at 7.) He asserts that as a result of his incarceration, he has developed anxiety and has "suffered in all aspect[s] of life." (*Id.* at 8.) Green seeks the dismissal of the federal criminal charges, release from custody, and a declaration that the dual sovereignty doctrine is void as a matter of law. (*Id.* at 8.)

---

[4] The factual allegations set forth in this Memorandum are taken from Green's Complaint, which consists of the Court's preprinted form and additional handwritten pages, and publicly available records of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).

A review of public records shows that Green is awaiting trial before this Court on the following criminal charges: (1) possession with intent to distribute a mixture and substance containing a detectable amount of crack and a mixture and substance containing a detectable amount of fentanyl, (2) possession of a firearm in furtherance of a drug trafficking crime, and (3) possession of a firearm by a convicted felon. *See United States v. Green*, Crim. A. No. 22-387-1 (E.D. Pa.), ECF No. 1. The docket reflects that Green is being held as a pretrial detainee at FDCP, with the case currently scheduled for trial on October 17, 2023.[5]

## II. STANDARD OF REVIEW

The Court will grant Green leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[6] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, .

---

[5] Green also filed a *habeas corpus* petition in this Court pursuant to 28 U.S.C. § 2241. *See Green v. Sedler*, Civ. A. No. 23-2632 (E.D. Pa.). Concluding that § 2241 was not the proper vehicle for Green to challenge his detention pending trial, Judge Diamond denied and dismissed the petition by Order filed on July 24, 2023. (*See id.* at ECF No. 3.)

[6] However, because he is a prisoner, Mr. Green must still pay the full amount of the filing fee in installments as required by the Prison Litigation Reform Act.

. . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Green is proceeding *pro se*, the Court construes the allegations of the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

## III.   DISCUSSION

Green asserts claims for civil rights violations against both state and federal officials. The vehicle by which civil rights claims may be brought in federal court against state actors is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The right to assert a constitutional claim against a federal official stems from *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971) (holding that a remedy is available for a federal agent's violation of a citizen's Fourth Amendment right to be free from warrantless searches and seizures); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) (stating that the "purpose of *Bivens* is to deter individual federal officers from committing constitutional violations" by subjecting them to personal liability).

Vicarious liability is inapplicable to *Bivens* and § 1983 suits, and "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.).

Green seeks as relief that he be released from custody and have the charges against him dismissed. He also seeks a declaration that the dual sovereignty doctrine is void as a matter of law. But claims seeking dismissal of federal criminal charges are not cognizable in a civil rights action because a federal detainee's request for dismissal of the indictment against him must be pursued in his federal criminal case. *See Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 247 (3d Cir. 2018) ("[I]nsofar as Reese sought to challenge the charges against him or the conduct of law-enforcement officers during arrest or interrogation, he was required to do so through pretrial motions in his criminal case . . . ."); *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995) (stating a federal civil rights action, whether under *Bivens* or a petition for a writ of *habeas corpus*, is not the appropriate vehicle to seek dismissal of pending federal criminal charges); *Datts v. McCormick*, No. 410-220, 2011 WL 1326818, at *1 (S.D. Ga. Mar. 7, 2011), *report and recommendation adopted,* No. 410-220, 2011 WL 1279175 (S.D. Ga. Apr. 5, 2011) (civil rights claims were not cognizable where plaintiff "want[ed] the federal indictment dismissed, which would result in freedom from confinement on the federal gun charge"). The relief Mr. Green seeks can only be granted by the judge presiding over his criminal case.

### IV.   CONCLUSION

For the foregoing reasons, I will dismiss this case, leaving it to his counsel in the criminal prosecution to consider whether there is merit to pursuing the arguments raised here in that

forum. No leave to amend in this case is granted because amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order will be entered separately.

          **BY THE COURT:**

             /s/ Gerald Austin McHugh

          **GERALD A. MCHUGH, J.**